IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Case No. 05 CV 0208 |
| Plaintiff, | ) ) ) | Honorable James B. Zagel |
| v. | ) ) | Magistrate Judge Ashman |
| SIDLEY AUSTIN LLP, | ) ) ) | |
| Defendant. | ) | |

### AGREED ORDER REGARDING WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE AS TO CERTAIN COMMUNICATIONS

Pursuant to agreement of the parties, IT IS HEREBY ORDERED THAT:

1.　Sidley Austin LLP ("Sidley") shall waive the attorney-client privilege to the extent set forth in this Agreed Order.

2.　Sidley's waivers of the attorney-client privilege are limited as specifically set forth in this Agreed Order.

3.　The Equal Employment Opportunity Commission ("EEOC") shall not use the waivers set forth in this Agreed Order to argue that Sidley waived the attorney-client privilege with regard to any legal advice not specifically covered by the waivers set forth in this Agreed Order; however, the EEOC reserves the right to seek a broader attorney-client privilege waiver based on the information produced by Sidley, and Sidley reserves its rights to object to any such claim.

4.　Sidley shall waive the attorney-client privilege for all legal advice received by Sidley prior to July 5, 2000 regarding the August-October 1999 decisions at issue in this case, the 1998/1999 deunitization decisions, and maintenance of an aged-based retirement policy,

117744

practice, expectation or "opportunity" (as that term is used in documents that Sidley has produced in this lawsuit). This waiver will include advice given to Tom Cole by Former Partner in or about the Fall of 1998 relating to retirement in a general sense with regard to partners.

5. Sidley shall waive the attorney-client privilege for all legal advice received by Sidley prior to July 5, 2000 concerning whether the ADEA, Title VII, or the ADA covered and/or protected partners at Sidley. This waiver will include the advice Former Partner provided to Eden Martin in 1990 in the form of a "state of the law analysis."

6. Sidley shall waive the attorney-client privilege with respect to legal advice given by Former Partner that any member of the Management Committee viewed as flawed. The waiver will include the legal memorandum authored by Former Partner and referred to in Mr. Battle's deposition and any subsequent memoranda coming to an opposite conclusion from the Former Partner memorandum.

7. Sidley shall waive the attorney-client privilege with respect to legal advice, if any, given to Sidley's Management Committee or Executive Committee by partners other than Former Partner between January 1, 1990 through and including October 1999 that any member of the Management Committee or Executive Committee stated and/or believed was flawed.

8. All documents and testimony revealed pursuant to Sidley's waivers of the attorney-client privilege shall be designated "confidential" under the June 20, 2006 Amended Protective Order.

9. The waivers of the attorney-client privilege set forth herein shall take effect upon entry of this Agreed Order.

10. Because this Agreed Order contains the name of a putative claimant and information by which putative claimants could be identified, a version of this Agreed Order identifying the putative claimant as "Former Partner" shall be entered and filed publicly. **The version of this Agreed Order that identifies the putative claimant by name shall be entered and filed under seal with the Clerk of Court.**

Date: APR 1 0 2007

_____
Judge James B. Zagel