UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | No. 05 C 0208 |
| v. | Judge James B. Zagel |
| SIDLEY AUSTIN LLP., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

This case is being litigated under an unusual degree of uncertainty on the part of the EEOC and an unusual degree of difficulty for defendant Sidley Austin. The EEOC knows well how to prosecute claims of employment discrimination, and members of the defendant partnership as well as its lawyers know well how to defend against such claims. But this case is not typical.

EEOC does not yet know the common parameters for cases in which the claim is that a partner may be deemed an employee of a partnership. Sidley, operating under the assumption that it was not subject to federal anti-discrimination statutes when it decided to "discontinue" (my attempt at a neutral word) partnership status for some of its partners, may not have documented its decisions as a corporation of similar size might have done. The law has not addressed, in concrete terms, whether the precise nature and extent of discrimination, assuming it is proved, will have a bearing on whether this partnership, as opposed to partnerships in general, is liable. Apart from this, those claimed to have been injured are highly compensated lawyers whose job performance may be difficult to measure in comparison to others. While numerical

measurements play an increasing role in judging partners at firms like Sidley, there remain intangible merits too difficult to quantify.  The EEOC, which alleges that a single quantifiable factor, age, was a significant factor in the decisions, must make its case in the face of traditional notions that a lawyer's worth to the firm cannot be expressed in a number.  This problem alone might explain the hostility toward, or, at least, the lack of interest in the EEOC's lawsuit by the discontinued partners who could benefit financially from an EEOC success.

The net effect of this and the high stakes for both parties has been a discovery process motivated by the desire of each side to pin the other side down on every fact and theory it might offer.  I fault neither party for the many interrogatories and the voluminous answers they require.

Discovery is nearing an important deadline.  There are remaining disputes.  Underlying many of these disputes is a profound difference in perspective.

EEOC holds that Sidley had engaged in a unitary act in executing a plan to alter its partners' status much like a corporation that decides it needs a reduction in force and evaluates everyone to see who goes.  Sidley says this is plain wrong.  Its Momentum Plan and its revision of retirement age provisions were not unitary but independent actions having a common effect on the issue of partnership discontinuation, and, unlike a reduction in force, there was no quantitative goal that had to be met.

I have no way to determine which side, if any, is right about this.  Both sides are entitled to pursue discovery which would validate its own theory of the case.  To the extent that either side objects on the grounds that the basic premise of their opponent is wrong, I am likely not to sustain objections to discovery.

I. Defendant's Motion to Compel Responses to Interrogatory and Document Requests (Third Set)

Interrogatory 1.  EEOC must state what it believes the defendant's retirement policy was at all relevant times or to state that it is unable to do so and give its reasons for that inability.  It must identify those partners who were, to its knowledge, exempted for some period from mandatory retirement.  EEOC must also identify those partners who it believes were *nominally* subjected to a retirement policy.  By providing such a list, EEOC is not claiming or conceding that a retirement policy alone, or in part, was the cause of discontinuation of a partnership.  Documents related to these responses shall also be produced.  Where in this opinion I order interrogatories to be answered, I am also ordering production of the related documents.

Interrogatory 2.  EEOC is not required to set forth its evidence of age discrimination on a partner-by-partner basis.  EEOC's case rests on the proposition that Sidley wished to divest itself of older partners and, I infer, will contend that the individualized review was intended, by and large, solely to decide whom to exempt from the anti-age policy.  Sidley will respond by vouching for the legitimacy of an individual review process which never relied on prohibited considerations of age.  Sidley wants to acquire what will be rebuttal evidence EEOC will offer to show pretext.  Rebuttal evidence is hard to deal with in discovery because it may be difficult to determine what it might be until the opponent offers the detailed defense.  Indeed, EEOC may choose to offer proof of pretext in a large number of cases (but not all) and argue that a fact finder should conclude the entire enterprise was pretextual even if it turns out that some of the

discontinuations may have been justified, and the partner would have been discontinued even if the process was honest.[1]

I do order EEOC to respond to the related request that it tell Sidley, where feasible, what part of Sidley's written justifications for its actions are factually incorrect. Answering this portion of Interrogatory 2 will help define the facts in contention. EEOC can tell Sidley whether it disputes a statement that a partner's billable hours have fallen to the degree claimed over a certain period of time. I used the phrase "where feasible" to indicate that EEOC may not be able to identify its position with respect to conclusions that a partner lacked "intensity" and, if so, I think this is understandable. To the extent EEOC now knows its disputes assertions about any of the criteria of discontinuation, it should answer the interrogatory.

I am satisfied with EEOC's proposed date for production of some of the material it concedes it must produce.

EEOC must state the damages it will claim for each former partner but need not respond to the interrogatory asking for evidence it will offer in rebuttal to a defense of failure to mitigate.

EEOC must produce any documents it has with respect to a former partner's performance at their subsequent employment to the extent these deal with conduct *of the same sort* alleged by Sidley to have been a basis for discontinuation of his or her partnership at Sidley.

EEOC must provide a log of all former Sidley partners with whom it has communicated regarding this litigation and, if applicable, to note those whose communications with EEOC are claimed to be privileged.

---

[1] Were this to occur it would limit damages, perhaps, but not defeat liability.

II. Plaintiff's Motion to Compel Production of Client Complaint Information and Cross Motion to Identify Comparators.

An element of the neutral reasons for discontinuing partners offered by Sidley is that some of the partners were subject to complaints by clients. So EEOC wants to see how other partners, about whom client complaints were received, were treated. That plaintiff is entitled to some of these is not disputed–it is the ambit of the request that is attacked.

Sidley wants the comparators identified so that it need not produce records of all client complaints. EEOC says that it cannot identify all the comparators until it sees the complaints. There is force in both arguments. If there are no complaints about a particular partner who was not discontinued then that partner is useless to EEOC to the extent it wishes to show that younger partners were forgiven their sins as the client saw them where older partners were not. To identify a comparator, EEOC has to know about whom there were complaints. Sidley, on the other hand, says that EEOC does not need to know about the treatment of partners who could not be comparators as a matter of law (which includes some of those already designated by the EEOC.)

Sidley wants to know which of its partners will be used by EEOC as its comparables, and Sidley says that EEOC is entitled to discovery only about those partners. EEOC is asking for material about those who cannot be "comparators."

Our Court of Appeals holds that comparators in age cases should be about ten years younger, do the same work and be treated better than plaintiffs. *Balderston v. Fairbanks Morse Engine Div.,* 328 F.3d 309, 321-22 (7th Cir. 2002) Sidley notes that many of those about whom the EEOC has requested information are much closer than ten years in age. As to same work,

some partners are in international offices where the work is far more focused on building an office and a practice and far less on billable hours. Moreover, attorneys in different practice areas often, but not invariably, do not do the same work. Hourly billings are a common denominator for domestic partners, but the comparators should only include those with similar or lower hours than those discontinued partners.[2] For those who fit within Sidley's definition of comparators, it might have to produce client complaint data. But here, too, it has an objection.

Of the thirty-two partners whose status was discontinued, only six of them were cited for client complaints, and in only one of those cases was the complaint a major factor. Sidley argues that evidence of inconsistent treatment of those six would not tend to prove the "pattern and practice" case EEOC says it will pursue.

EEOC argues that Sidley was not engaging in a typical evaluation of whether one or a few partners ought to retain partner status, so the conventional calculus used in the typical employment case is not a very good method to reach a correct decision. Sidley, it alleges, wanted to rid itself of older partners and used a firm wide evaluation as a way to make it so. EEOC wants to prove this by showing that the criterion of client complaints was used so inconsistently that it cannot serve as a neutral justification for its partnership decisions. More importantly, it might lead to a conclusion that Sidley was not truthful in its account of what it did, and falsity in one thing can lead to an inference of falsity in other things. And EEOC may well intend to prove that other criteria were not honestly applied and thus hope to show that the entire process was rife with deception. To do this requires an examination of the entire process used for both those who

---

[2]There is no dispute that partners from a large firm which merged later on with Sidley are not appropriate comparators.

are comparators and those who are not. EEOC argues that Sidley chose to evaluate on a firm-wide basis, and the consequence of that choice is to invite investigation of the whole process and not as it applied only to comparators – a good argument in principle.

Clients have always complained about their lawyers. The increasing cost of legal services probably raises client expectations, engendering more complaints. True or false, reasonable or not, complaints have to be evaluated by a firm. Even the most unfair complaint may require some form of reparation if the client is very important to the firm.

A law firm could operate on the premise that the customer is always right and slam any partner who draws a complaint. It could take the opposite tack or any position in between. It cannot use client complaints as a cover for age discrimination. A neutral policy or practice, even one with an exquisite level of nuance, for weighing client complaints in evaluating a partner's worth to the firm would likely defeat the claim of pretext if it is followed. Yet my reading of Sidley's justification paper (explaining why it discontinued some partners) does not support an inference that there is a consistent policy on this matter.

It may be that a firm, like Sidley, long in existence with a very wide practice has had an established way of dealing with partners against whom complaints and malpractice claims are made. At the least EEOC is entitled to investigate whether this is true, although such an investigation might not require production of the entire corpus of complaints that EEOC has demanded.

The more difficult question here is the argument that client complaint discovery is not relevant, particularly so in light of the ground on which EEOC has chosen to stand. In a routine case the use of a particular pretext to get rid of one worker might be evidence of willingness to

use a different pretext against another worker. Here it is said that Sidley engaged in a firm wide housecleaning that rid them of thirty two partners. If client complaints were a convenient pretext, one could argue that its use would be far more common. Where a single grand scheme is alleged, the relatively rare use of a single device does not do much, if anything, to prove there was a grand scheme.

On this point, I do not have enough information to decide the question. I do not know how many of the discontinued partners were subject to client complaints, and it would be important to know this.[3] Since I have raised some considerations not addressed in the briefs, I will ask counsel to consider whether they have any interest in further exploring the issue. For now, the motion to compel discovery of client complaints other than those against partners who fall within the traditional definition of comparators is denied without prejudice.

III.  EEOC Motion to Compel Response to Interrogatories (Tenth Set)

EEOC served interrogatories identifying a specific neutral reason offered by Sidley for its actions toward its discontinued partners and another one directed to a failure to mitigate damages defense.

Interrogatory 1. One discontinued partner was cited for being a target of a malpractice claim for which a substantial sum was paid in settlement. EEOC asks for information about all malpractice claims against partners and their effects on the partner in question. On its face, this asks for too much since it includes claims for which no substantial payment was made in

---

[3] EEOC would be entitled to use client complaints directed toward partners who were about ten years younger and did the same work in order to prove a specific partner was the victim of discrimination, but the issue I address here is directed to the EEOC's demand for discovery of client complaints about partners who do not fit within the standard definition of comparables.

resolution of the matter.  I order Sidley to answer the interrogatory to the extent it asks for information about claims for which substantial payments were made.[4]  For the reasons I gave in discussing request for client complaints, I reject the objection that this interrogatory response should be limited to partners who would fit the conventional definition of comparators.

Interrogatory 3 asks for other examples of partners who, it was believed, submitted questionable expenses and improper accounting for time.  Interrogatory 4 seeks other examples of partners who had obtained client billings "from another attorney who had left the firm."  Interrogatory 5 calls for examples of other partners who had been removed as group heads.

I order response to Interrogatory 5.  Removal of a group head is a specific act; the apparent significance of which makes it suitable for an analysis designed to show whether Sidley is truthful about its reasons.  By comparison, some bad expense and time reports and billings from another attorney may involve broad amounts and not be worth discovering.  The issue could benefit from some further development.  Sidley may be able to quantify these elements of decision making (and may have already done so.)  It would not advance resolution of this case to discover that there were instances of bad reports or inherited billings of relatively small amounts if Sidley claims that the amounts attributed to the discontinued partners were much, much larger.  On this record, I deny the motion to compel response to interrogatories 3 and 4.

---

[4]The discovery here bears a less than complete resemblance to a request for client complaints which I might grant if its potential probative value can be shown.  Generalized client complaints (falling short of allegations of malpractice) may be very widespread and include much that is trivial.  Comparisons amongst such complaints will be difficult or impossible to make, leaving aside the difficulty in determining whether a particular complaint is valid.  In contrast, malpractice claims for which money is paid are likely to be few, and their significance to the partnership decision is indisputable.

I reach the same result with respect to Interrogatory 6.  Producing a list of all partners who were dependent, in part or whole, on others for legal work is unhelpful.  If the interrogatory is meant to ask for other partners who were entirely dependent on others for their legal work, it might well have bearing on this case, though this would be arguably relevant to only two of the discontinued partners who are characterized as essentially competent and fully dependant on others.  Even those partners had declining hourly billings as well.  Factors which affect very few of the discontinued partners are, for reasons earlier expressed, of doubtful probative value to a case tried under the EEOC theory.  Finally, reading the Sidley justifications, it seems clear to me that working on matters for another lawyer was not a crucial or particularly meaningful element in the evaluations.  It is not worth the expense of discovery to pursue the matter.  I deny the motion to compel response to Interrogatory 6.

I grant the motion to compel a response to only that part of Interrogatory 7 that calls for the identity of all partners who worked on the matter which is the subject of the interrogatory.

I deny the motion to compel the answer to Interrogatory 2.  It is premature.

IV.  EEOC's Motion to Extend the Close of Discovery.

There are two important dates coming soon: identification of EEOC proposed comparators on 16 May 2006 and the close of fact discovery on 16 July 2007.  EEOC wants more time because it declares that some of the crucial information it needed–the basis for the decisions to discontinue thirty-two partners–was not produced until February, March and April this year.  It seeks to extend the deadlines by about thirteen weeks.

I have said that one difficulty in this case is that Sidley cannot be deemed to have known in 1999 that the law invoked here would apply to it.  The timing of the productions it made in the past three months are not to be condemned.  But that does not mean that EEOC must pay a price

for Sidley's legitimate difficulties.  And the EEOC's claim that there was a large scale unitary course of conduct resulting in age discrimination requires the evidence of many witnesses.

      Having examined the course of discovery, much of which is engraved in my memory, I find an extension of discovery is warranted.  22 June 2007 is the new date for identification of comparators and 20 August 2007 is the new date for completion of fact discovery.

      Absent significant, unforeseeable circumstances, no further extensions of these two dates will be granted to plaintiff.

      ENTER:

_____
James B. Zagel
United States District Judge

DATE:  April 27, 2007