# EXHIBIT A

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>SIDLEY AUSTIN LLP,  )<br>)<br>Defendant.  ) | Case No. 05 C 0208<br><br>Judge James Zagel |

**AMENDED PROTECTIVE ORDER GOVERNING
SUBSEQUENT EMPLOYMENT INFORMATION AND DOCUMENTS**

For the reasons stated by the Court on October 6, 2006, and November 21, 2006, it appears that good cause exists for the entry of this Protective Order. In order to preserve and maintain the confidentiality of certain documents and information to be produced with respect to former Sidley Austin LLP ("Sidley") partners who were informed of a change to counsel or senior counsel in late 1999 or on whose behalf the EEOC is seeking relief in this litigation ("Former Partners"), the Court hereby orders as follows:

I.  **DEFINITIONS**

  A.  The term "Confidential Subsequent Employment Information" is defined as any of the following types of information:

  1) Any equity or ownership interest that any Former Partner holds or has held in a law firm after his or her partner status at Sidley ended ("Subsequent Firms");

2) Hours any Former Partner has billed and/or charged to clients while affiliated with a Subsequent Firm;

3) Revenues generated from billings to clients any Former Partner originated, is responsible for, or for which a Former Partner is credited for purposes of determining the Former Partner's compensation;

4) Business any Former Partner has generated and clients any Former Partner has retained since leaving Sidley;

5) Business development efforts any Former Partner has engaged in since leaving Sidley;

6) Terms, conditions, duties, and/or responsibilities of any non-Sidley employment or self-employment held by any Former Partner after October 1999; or

7) Any other private, proprietary, or trade secret information pertaining to a Former Partner's employment or self-employment after October 1999.

B. The term "Confidential Subsequent Employment Document" refers to a document that contains any of the above types of information defined as "Confidential Subsequent Employment Information," including but not limited to memoranda, databases, compilations and discovery responses that disclose such Confidential Subsequent Employment Information.

C. As used herein, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise directly communicate Confidential Subsequent Employment Information.

II. **RESTRICTIONS ON THE USE OF CONFIDENTIAL SUBSEQUENT EMPLOYMENT INFORMATION**

A. For purposes of production to Sidley, Former Partners shall produce one copy of a Confidential Subsequent Employment Document to the EEOC.

B. The EEOC shall designate a document that it or a Former Partner determines in good faith to contain Confidential Subsequent Employment Information by (1) stamping the words "CONFIDENTIAL SUBSEQUENT EMPLOYMENT DOCUMENT" on the document, or (2) using any other reasonable method agreed upon by the parties.

C. If a party inadvertently fails to designate discovery material as Confidential Subsequent Employment Information, it may make the designation belatedly so long as it does so promptly after learning of the oversight. Counsel for the receiving parties shall take reasonably necessary steps to ensure the confidentiality of the Confidential Subsequent Employment Information, including reasonable efforts to secure return of the Confidential Information from individuals to whom disclosure was made but would not have been permitted by this Order had the Discovery Material been originally designated as Confidential Subsequent Employment Information.

D. A non-examining party shall, on the record of a deposition or by written notice to opposing counsel not later than thirty (30) days after the date of such deposition, designate any portion(s) of the deposition transcript as confidential if that party determines in good faith that the designated portion(s) contain(s) "Confidential Subsequent Employment Information." The examining party shall then make any additional designations within fourteen (14) days of service of the other party's designations. Any party designating portions of a deposition transcript pursuant to this paragraph shall contemporaneously identify the paragraph(s) and subparagraph(s) of § I.A that support the designation(s). If such party has determined that more

3

than one paragraph or subparagraph of § I.A supports the designation, the designating party shall identify the portion(s) of the Designated Material to which each paragraph or subparagraph of § I.A applies. Until the expiration of the above thirty (30) day period, all portions of deposition transcripts relating to Former Partners' work after leaving Sidley shall be deemed "Confidential Subsequent Employment Documents" under this Protective Order, and information therein will be deemed "Confidential Subsequent Employment Information" under this Protective Order unless otherwise agreed to in writing by the parties. After expiration of this period, any portion of a transcript that has not been designated Confidential shall not be subject to this Protective Order.

  **E.** Sidley's outside counsel, Grippo & Elden LLC; Sidley's damages experts; the EEOC; and the EEOC's damages experts may each make one copy of Confidential Subsequent Employment Documents for use as permitted by this Order.

  **F.** All EEOC and Grippo & Elden personnel working on the litigation shall be permitted to view the Confidential Subsequent Employment Documents. In addition, the EEOC and Sidley may each designate one damages expert and one damages assistant who shall be permitted to view the Confidential Subsequent Employment Documents, provided they have agreed to abide by the terms and conditions of this Order by signing Exhibit A. Confidential Subsequent Employment Information, but not Documents, may be disclosed to Bill Conlon, General Counsel for Sidley, for purposes of this litigation only. No Confidential Subsequent Employment Information or Documents shall be disclosed to any other current or former partner, employee, or contractor of Sidley Austin LLP or of its predecessor entities. Each party shall file a statement of designation with the Court, using the form attached as Exhibit B to this Order.

G. Through the conclusion of trial in this matter, counsel for the parties shall store Confidential Subsequent Employment Documents in a locked file accessible only to those permitted by § II.F and II.H to have access to Confidential Subsequent Employment Information.

H. In preparation for, and during the deposition of any Former Partner, Confidential Subsequent Employment Information and Documents may be shared with private counsel retained by that Former Partner to assist or advise him or her in connection with this action. One copy of a Confidential Subsequent Employment Document may be made for use as a deposition exhibit. However, prior to using any Confidential Subsequent Employment Document as an exhibit at a deposition, the parties shall confer in good faith to attempt to limit the disclosure of Confidential Subsequent Employment Information, including by redaction or a stipulation as to the relevant factual information contained in the document.

I. Prior to the introduction of any Confidential Subsequent Employment Documents at a deposition, those not permitted by § II.F and II.H to have access to Confidential Subsequent Employment Information, other than the court reporter, shall be excluded from the deposition. For purposes of this Order, deposition transcript pages so marked will be considered a Confidential Subsequent Employment Document.

J. At the conclusion of a trial in this matter, the parties shall file the Confidential Subsequent Employment Documents under seal with the Court, pursuant to Local Rule 26.2.

K. Within 90 days after the final completion of the litigation (including any appeals), the parties shall destroy Confidential Subsequent Employment Documents filed under seal with the Court or, upon request of the producer, return the Confidential Subsequent Employment Documents to the producer, except as required by applicable law and regulation.

L.  Confidential Subsequent Employment Information shall be disclosed or used only for the purpose of this litigation (including any appeals) and to the extent necessary to prosecute or defend this action.

M.  Confidential Subsequent Employment Information associated with a Former Partner may be disclosed to any private attorney retained by that Former Partner to provide legal advice or assistance to the Former Partner in connection with this action.

N.  Notwithstanding any other provision of this Order, a Former Partner's right, if any, to disclose or authorize the disclosure of the Former Partner's own Confidential Subsequent Employment Information to any person or persons is not limited by this Order.

O.  Any portion of a deposition exhibit, pleading, discovery response, transcript, or other writing filed with the Court in this litigation that contains Confidential Subsequent Employment Information shall be filed as a restricted document, pursuant to Local Rule 26.2, in a sealed envelope labeled "CONFIDENTIAL RESTRICTED DOCUMENT FILED PURSUANT TO PROTECTIVE ORDER." If the party filing such a restricted document believes that some or all of the Documents or Information contained in the filed restricted document should not be restricted, the party shall include a statement identifying such Documents or Information. The other party will be given the opportunity to respond to the filing party's statement prior to a Court ruling on whether, and what portion of, the filed Documents or Information shall remain restricted. A party receiving a restricted filing may object to the filing of some or all of such Documents or Information as a restricted document by submitting a similar statement. The filing party will be given the same opportunity to respond prior to a Court ruling.

P.　The parties shall make reasonable efforts to reach agreement on redacting, coding or otherwise removing Confidential Subsequent Employment Information to avoid the necessity of filing restricted documents or to allow documents to be unrestricted. Documents may be filed under normal Court procedures if the Confidential Subsequent Employment Information listed in § I.A of this Order has been redacted, coded or otherwise removed from the document.

### III. SPECIAL PROVISION RELATING TO TAX RETURNS

Pursuant to this Court's October 6, 2006 ruling, Former Partners shall produce copies of their income tax returns as sought by Sidley's subpoenas. Such tax returns may be shared with Sidley's outside counsel, Grippo & Elden LLC, counsel to the EEOC, and damages experts engaged by Sidley or by the EEOC in connection with this action. The returns may not be shared with any current or former employee or current or former partner of Sidley Austin LLP or of its predecessor entities, except that the amount of income reflected in such tax returns may be disclosed to Sidley client representatives who serve as in-house counsel for this litigation.

### IV. MISCELLANEOUS

A.　This Order does not limit the right of any party to object to the scope of discovery in the case.

B.　This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

C.　Within 90 days after the final completion of the litigation (including any appeals) all copies of Confidential Subsequent Employment Documents shall be returned to the person who disclosed them or (with that person's consent) destroyed, except as required by applicable law and regulations. Any documents not so returned and not destroyed will remain subject to this Order.

     **D.**     The designation of documents or information as Confidential Subsequent Employment Information or as Confidential Subsequent Employment Documents shall not be construed as a waiver of any applicable privilege or other immunities from discovery (including without limitation the attorney-client privilege and the attorney work product doctrine) or as a concession by the designating party that such information is relevant or material to any issue or is otherwise discoverable.

     **E.**     This Order shall continue indefinitely during and after this litigation, unless modified or terminated by order of this Court.

     **F.**     The restrictions set forth in any of the preceding paragraphs shall not apply to Confidential Subsequent Employment Information that was, is, or becomes public knowledge in a manner other than by violation of this Order.

     IT IS SO ORDERED.

**Dated:**_____

                                                **James B. Zagel,**
                                                **United States District Judge**

# EXHIBIT A

## Statement of Confidentiality And Agreement To Abide By Protective Order

By signing this document, I hereby certify that I have read the Protective Order Governing Subsequent Employment Information and Documents ("Order") issued by the United States District Court for the Northern District of Illinois, Eastern Division, governing production and disclosure of certain documents related to the subsequent employment of former Sidley Austin, LLP partners in EEOC v. Sidley Austin, Case No. 05 CV 0208. I understand the Order and agree to be bound by and abide by its contents. I understand that pursuant to the Order, I am prohibited from disclosing Confidential Subsequent Employment Information to anyone. I submit to the jurisdiction of the Court for purposes of enforcing the Order.

_____
Signature

_____
Name

_____
Date

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIDLEY AUSTIN LLP, )<br>)<br>Defendant. ) | Case No. 05 C 0208<br><br>Judge James Zagel |

## DESIGNATION OF PERSON(S) WITH ACCESS TO SUBSEQUENT EMPLOYMENT DOCUMENTS

Pursuant to Section II.F of the Protective Order Governing Subsequent Employment Documents, entered on _____, [PARTY NAME] hereby designates the following individuals as persons authorized to view Confidential Subsequent Employment Information:

Designated Expert:                          Designated Expert Assistant:

[Expert Name]                               [Expert Assistant Name]
[Expert Firm Name]                          [Expert Assistant Firm Name]
[Expert Business Address and Phone]         [Expert Assistant Business Address and Phone]