UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>SIDLEY AUSTIN LLP.,<br><br>    Defendant. | No. 05 C 0208<br><br>Judge James B. Zagel |

## AMENDED MEMORANDUM OPINION AND ORDER

This case is being litigated under an unusual degree of uncertainty on the part of the EEOC and an unusual degree of difficulty for Defendant Sidley Austin. The EEOC knows how to prosecute claims of employment discrimination, and members of Defendant partnership and its lawyers know how to defend against such claims. This case, however, is not typical.

The EEOC does not yet know the common parameters for cases in which they claim that a partner may be deemed an employee of a partnership. Sidley, operating under the assumption that it was not subject to federal anti-discrimination statutes when it decided to "discontinue" (my attempt at a neutral word) partnership status for some of its partners, may not have documented its decisions as a corporation of similar size might have done. Assuming that the EEOC proves its case, the law has not addressed whether the precise nature and extent of discrimination will have a bearing on whether this partnership, as opposed to partnerships in general, is liable. Apart from this, the people that the EEOC represents are highly compensated attorneys whose job performance may be difficult to measure in comparison to others. While numerical measurements play an increasing role in judging partners at firms like Sidley, some

intangible qualities remain too difficult to quantify. The EEOC is alleging that a single quantifiable factor – age – played a significant role in the decisions. Therefore, it must make its case in the face of traditional notions that a lawyer's worth to the firm cannot be expressed in a number. This problem alone might explain the hostility toward, or the lack of interest in, the EEOC's lawsuit by the discontinued partners who could benefit financially from an EEOC victory.

      The net effect of this has been a discovery process which has high stakes for both parties. Each side is motivated by the desire to pin the other side down on every fact and theory it might offer. I do not fault either party for the many interrogatories and the voluminous answers. However, Discovery is nearing an important deadline. There are remaining disputes. Underlying many of these disputes is a profound difference in perspective.

      The EEOC contends that Sidley engaged in a unitary act in executing a plan to alter its partners' status, much like a corporation that decides it needs a reduction in force and evaluates everyone to see who goes. Sidley says this belief is plain wrong. Its Momentum Plan and its revision of retirement age provisions were not unitary, but rather independent actions having a common effect on the issue of partnership discontinuation, and, unlike a reduction in force, there was no quantitative goal that had to be met.

      I have no way to determine if either side is right about this. Both parties are entitled to pursue discovery which would validate its own theory of the case. To the extent that either side objects on the grounds that their opponent's basic premise is wrong, I am not likely to sustain discovery objections.

**I. Defendant's Motion to Compel Responses to Interrogatory and Document Requests (Third Set)**

*Interrogatory 1.*  The EEOC must either state what it believes Defendant's retirement policy was at all relevant times, or state that it is unable to do so and give its reasons for that inability.  It must identify those partners who were, to its knowledge, exempted for some period from mandatory retirement.  The EEOC must also identify those partners it believes were *nominally* subjected to a retirement policy.  By providing such a list, the EEOC is not claiming or conceding that a retirement policy by itself, or in part, was the cause of the discontinuation of a partner's status.  Documents related to these responses shall also be produced.[1]

*Interrogatory 2.*  The EEOC is not required to set forth its evidence of age discrimination on a partner-by-partner basis.  Its case rests on the idea that Sidley wished to divest itself of older partners.  I infer that it will contend that the individualized review was implemented solely to decide whom to exempt from the anti-age policy.  Sidley will respond by vouching for the legitimacy of an individual review process which never relied on prohibited age considerations. Sidley wants to acquire the rebuttal evidence that the EEOC will offer to show pretext.  Rebuttal evidence is hard to deal with in discovery because the opponent has not yet offered a detailed defense.  The EEOC may choose to offer proof of pretext in many cases, but not all of them, and argue that a fact finder should conclude the entire enterprise was pretextual even if some of the

---

[1] Anywhere in this opinion that I order interrogatories to be answered, I am also ordering production of the related documents.

discontinuations may have been justified, and the partner would have been discontinued even if the process was honest.[2]

I am ordering the EEOC to respond to Sidley's related request that it list the parts of Sidley's written justifications which are factually incorrect, wherever it is feasible to do so. Answering this portion of Interrogatory 2 will help define the facts in contention. The EEOC can tell Sidley whether it disputes a statement that a partner's billable hours have fallen to the degree Sidley claimed. I used the phrase "wherever it is feasible" to indicate that the EEOC may not be able to identify its position with respect to conclusions such as whether a partner lacked "intensity." If so, I think it is understandable. To the extent the EEOC knows whether it disputes assertions about any of the stated criteria, it should answer the interrogatory.

I am satisfied with the EEOC's proposed date for production of some of the material it concedes it must produce.

The EEOC must state the damages it will claim for each former partner, but it does not need to respond to the interrogatory asking for evidence it will offer in rebuttal to a defense of failure to mitigate.

To the extent they deal with conduct *of the same sort* alleged by Sidley as a basis for discontinuation of a partner's status, the EEOC must produce any documents it has with respect to a former partner's performance in his or her subsequent employment.

The EEOC must provide a log of all former Sidley partners with whom it has communicated regarding this litigation and, if applicable, to note those whose communications with the EEOC are claimed to be privileged.

---

[2]If this were to occur, it could limit damages, but would not defeat liability.

**II. Plaintiff's Motion to Compel Production of Client Complaint Information and Cross Motion to Identify Comparators.**

One element of the neutral reasons Sidley offered for its actions is that some of the partners were subject to complaints by clients.  So, the EEOC wants to see how other partners that were the subject of client complaints were treated.  Sidley does not dispute that the EEOC is entitled to some of these, it disputes the ambit of the request.

Sidley wants the EEOC to identify the comparators so that it would not need to produce all of its client complaint records.  The EEOC says that it cannot identify all the comparators until it sees the complaints.  Both arguments have some force.  If there are no complaints about a particular partner who was not discontinued then, to the extent the EEOC wishes to show that younger partners were forgiven for complaints while older partners were not, that partner is useless to the EEOC.  To identify a comparator, the EEOC has to know about whom there were complaints.  Sidley, on the other hand, says that the EEOC does not need to know about the treatment of partners who could not be comparators as a matter of law (which includes some of those already designated by the EEOC).

Sidley wants to know which of its partners will be used by the EEOC as its comparables, and argues that the EEOC is only entitled to discovery about those partners but is asking for material about those who cannot be "comparators."

Our Court of Appeals holds that comparators in age cases should be about ten years younger, do the same work and be treated better than the plaintiffs.  *Balderston v. Fairbanks Morse Engine Div.*, 328 F.3d 309, 321-22 (7th Cir. 2003).  Sidley contends that many of the employees about whom the EEOC has requested information are much closer than ten years in

age. With respect to doing the same work, some partners are in international offices where the work is focused on building an office and a practice more than on billable hours. Moreover, attorneys in different practice areas often do different work. Hourly billings are a common denominator for domestic partners, but the comparators should only include those with similar or lower hours than the discontinued partners.[3] Sidley believes that it might have to produce the client data for those who fit within its definition of comparators, but it has an objection to that as well.

Of the thirty-two discontinued partners, only six were cited for client complaints, and the complaint was only a major factor in one of those cases. Sidley argues that evidence of inconsistent treatment of those six would not tend to prove the "pattern and practice" case the EEOC says it will pursue.

The EEOC argues that Sidley did not engage in a typical evaluation of whether one or a few partners ought to retain partner status, so the conventional calculus used in employment cases is not a very good method to reach a correct decision. It alleges that Sidley wanted to rid itself of older partners and used a firm-wide evaluation as a way to do so. The EEOC wants to prove this by showing that the criterion of client complaints was used so inconsistently that it cannot serve as a neutral justification for the partnership decisions. More importantly, it might lead to a conclusion that Sidley was not truthful in its account of what it did, and falsity in one instance can lead to an inference of falsity in others. The EEOC may well intend to prove that other criteria were not honestly applied and thus show that the entire process was rife with

---

[3] There is no dispute that partners from a large firm which merged with Sidley later on are not appropriate comparators.

deception. To do this requires an examination of the entire process used for both the comparators as well as the non-comparators. The EEOC argues that Sidley chose to evaluate on a firm-wide basis, and the consequence of that choice is to invite investigation of the whole process and not as it applied only to comparators – a good argument in principle.

Clients have always complained about their lawyers. The increasing cost of legal services probably raises client expectations, engendering more complaints. True or false, and reasonable or not, complaints must be evaluated by a firm. Even the most unfair complaint may require some form of reparation if it is from an important client.

A law firm could operate on the premise that the customer is always right and slam any partner who draws a complaint. It could also take the opposite tack, or any position in between. It cannot use client complaints as a cover for age discrimination. If a neutral policy or practice for weighing client complaints in the evaluations was followed, that process would likely defeat the claim of pretext, even if it required an exquisite level of nuance. Yet my reading of Sidley's justification paper (explaining why it discontinued some partners) does not support an inference that there is a consistent policy on this matter.

It may be that a well-established firm like Sidley, which has a very wide practice, has had an established way of dealing with partners against whom complaints and malpractice claims are made. At the very least, the EEOC is entitled to investigate whether this is true. However, such an investigation might not require production of the entire corpus of complaints that the EEOC has demanded.

The more difficult question here is the argument that client complaint discovery is not relevant, particularly in light of the ground on which the EEOC has chosen to stand. In a routine

case, the use of a particular pretext to get rid of one worker might be evidence of willingness to use a different pretext against another worker.  Here the EEOC says that Sidley engaged in a firm-wide housecleaning that rid them of thirty-two partners.  If client complaints were a convenient pretext, one could argue that its use would be far more common.  When a single grand scheme is alleged, the relatively rare use of a single device does not do much, if anything, to prove there was a grand scheme.

I do not have enough information to decide the question on this point.  I do not know how many of the discontinued partners were subject to client complaints, which would be important information.[4]  Since I have raised some considerations not addressed in the briefs, I will ask counsel to consider whether they have any interest in further exploring the issue.  For now, the motion to compel discovery of client complaints against partners who do not fall within the traditional definition of comparators is denied without prejudice.

**III. The EEOC's Motion to Compel Response to Interrogatories (Tenth Set)**

The EEOC served interrogatories identifying a specific neutral reason offered by Sidley for its actions toward its discontinued partners and another one directed to a failure to mitigate damages defense.

*Interrogatory 1.*  One discontinued partner was cited for being a target of a malpractice claim for which a substantial sum was paid in settlement.  The EEOC asks for information about all malpractice claims against partners and their effects on the partner in question.  On its face,

---

[4]The EEOC would be entitled to use client complaints directed toward partners who were about ten years younger and did the same work in order to prove a specific partner was the victim of discrimination, but the issue I am addressing here is directed to the EEOC's demand for discovery of client complaints about partners who do not fit within the standard definition of comparables.

this asks for too much, because it includes claims for which no substantial payment was made in resolution of the matter. I order Sidley to answer the interrogatory to the extent it asks for information about claims for which substantial payments were made.[5] For the same reasons I gave in discussing the request for client complaints, I reject Sidley's objection that this interrogatory response should be limited to partners who would fit the conventional definition of comparators.

The motion to compel an answer to Interrogatory 2 is denied as premature. Interrogatory 3 asks for other examples of partners whom Sidley believed to have submitted questionable expenses and accounted for time improperly. Interrogatory 4 seeks other examples of partners who had obtained client billings "from another attorney who had left the firm." Interrogatory 5 calls for examples of other partners who had been removed as group heads.

I order Sidley to respond to Interrogatory 5. Removal of a group head is a specific act. The apparent significance of that act makes it suitable to use in an analysis of whether Sidley is truthful about its reasons. By comparison, some bad expenses and time reports and billings from another attorney may involve broad amounts and not be worth discovering. The issue could benefit from some further development. Sidley may be able to quantify these elements of decision making. It may have already done so. It would not advance resolution of this case to discover that there were instances of bad reports or inherited billings of relatively small amounts

---

[5] The discovery request here bears somewhat of a resemblance to a request for client complaints, which I might grant if its potential probative value can be shown. Generalized client complaints (falling short of allegations of malpractice) may be very widespread and include trivial matters. Comparisons amongst such complaints will be difficult or impossible to make, leaving aside the difficulty in determining whether a particular complaint is valid. In contrast, malpractice claims for which money was paid are likely to be few, and their significance to the partnership decision is indisputable.

if Sidley claims that the amounts attributed to the discontinued partners were much, much larger. On this record, I deny the motion to compel response to interrogatories 3 and 4.

I reach the same result with respect to Interrogatory 6. Producing a list of all partners who were either partially or fully dependent on others for legal work is unhelpful. If the interrogatory is meant to ask for other partners who were entirely dependent on others for their legal work, it might have bearing on this case. However, it would still only be arguably relevant to the two discontinued partners who are characterized as essentially competent and fully dependent on others. Even those partners had declining hourly billings as well. For the reasons I expressed earlier, factors which only affect a small number of the discontinued partners have doubtful probative value to a case tried under the EEOC's theory. Finally, reading Sidley's justifications, it seems clear to me that working on matters for another lawyer was not a crucial or particularly meaningful element in the evaluations. It is not worth the expense of discovery to pursue the matter. I deny the motion to compel a response to Interrogatory 6.

I grant the motion to compel a response to only that part of Interrogatory 7 that calls for the identity of all partners who worked on the matter which is the subject of the interrogatory.

## IV. The EEOC's Motion to Extend the Close of Discovery

There are two important dates coming soon: identification of the EEOC's proposed comparators on May 16, 2006, and the close of fact discovery on July 16, 2007. The EEOC wants more time because some of the crucial information it needed – the basis for the decisions to discontinue the thirty-two partners – was not produced until February, March and April this year. It seeks to extend the deadlines by about thirteen weeks.

I have said that one difficulty in this case is that in 1999, Sidley cannot be deemed to have known that the law invoked here would apply to it. The timing of the productions it made in the

past three months are not to be condemned. But that does not mean that the EEOC must pay a price for Sidley's legitimate difficulties. Also, the EEOC's claim that there was a large scale unitary course of conduct resulting in age discrimination requires the evidence of many witnesses.

Having examined the course of discovery, I find that an extension of discovery is warranted. June 22, 2007 is the new date for identification of comparators and August 20, 2007 is the new date for completion of fact discovery.

Absent significant, unforeseeable circumstances, no further extensions of these two dates will be granted to Plaintiff.

ENTER:

James B. Zagel
United States District Judge

DATE: May 1, 2007