# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 05 cv 0208 |
| v. | ) ) | Judge James B. Zagel |
| SIDLEY AUSTIN LLP, | ) ) | |
| Defendant. | ) ) | |

## CONSENT DECREE

This Consent Decree (the "Decree") is made and entered into between Plaintiff

United States Equal Employment Opportunity Commission (hereinafter referred to as the

"Commission" or "EEOC") and Defendant Sidley Austin LLP (hereinafter, together with

predecessor entities, referred to as "Sidley") (EEOC and Sidley being collectively

referred to herein as "the Parties").

On January 13, 2005, EEOC initiated this action by filing its Complaint against

Sidley. EEOC's Complaint alleged that Sidley violated the Age Discrimination in

Employment Act of 1967, as amended, 29 U.S.C. §621 et seq. ("ADEA"), by

implementing and maintaining an age-based retirement policy and by expelling from its

partnership, on account of their age, certain partners age 40 and older. Sidley filed an

Answer denying any violation of the ADEA.

The Parties have engaged in comprehensive settlement negotiations in a

cooperative and good faith effort to resolve this matter and have agreed that this action

1

Dockets.Justia.com

should be finally resolved by entry of this Decree, and enter into this Decree to settle and resolve all allegations that were raised or could have been raised in this action.

## Findings

Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

a.     This Court has jurisdiction of the subject matter of this action and of the Parties.

b.     The terms of this Decree are adequate, fair, reasonable and just. The rights of EEOC, the individuals on whose behalf EEOC has sought relief, Sidley, and the public interest are adequately protected by this Decree.

c.     This Decree conforms with the Federal Rules of Civil Procedure and the ADEA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADEA and will be in the best interests of the Parties and the public.

d.     This Decree shall not constitute an adjudication or a finding on the merits of the EEOC's allegations or an admission by Sidley of those allegations or any violation of the ADEA.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.     **Coverage Of Partners Under ADEA Under This Decree**

For purposes of resolution of this matter, Sidley agrees that each person for whom EEOC has sought relief in this matter was an employee for the purposes of the ADEA as of the dates when Sidley made and carried out the decision to remove him or her from the

2

status of partner, and that in any proceeding to enforce this Decree, Sidley will not assert

as a defense that a partner is not or was not an employee for the purposes of the ADEA.

2.    **Resolution Of All Allegations**

The Parties agree that EEOC has had a full opportunity to investigate the

Practices that are the subject of its Complaint in this action; that EEOC has identified all

partners that it alleges to have been adversely affected by those Practices; and that it will

take no further action, other than requiring compliance with this Decree, to pursue

monetary or nonmonetary relief for any partner allegedly affected by those Practices prior

to the Effective Date of this Decree. For purposes of this paragraph 2, "Practices" means

any act, policy, or practice by Sidley which allegedly affected the status or compensation

of a partner adversely and which was allegedly motivated by that partner's age.

3.    **Injunctive Relief**

For the term of the Decree, Sidley, acting through its Executive Committee or

otherwise, shall refrain from the following:

A.    Terminating, expelling, retiring, reducing the compensation of, or

otherwise adversely changing the partnership status of a partner because of age;

B.    Maintaining any formal or informal policy or practice requiring retirement

as a partner, or requiring permission to continue as a partner, once the partner has reached

a certain age or age range;

C.    With the intent to bring about the departure or change in partnership status

of a partner because of age, requesting or suggesting the retirement or change in

partnership status of a partner in such fashion that a reasonable person in the partner's

position would believe that a refusal is likely to bring adverse consequences;

D.      Requiring partners to cease their service on any firm committee (except the Executive or Management Committees), or as a practice group head, because of age;

E.      Taking any action, or maintaining any policy or practice, with the purpose of retaliating against any person because the person (i) has made any formal or informal complaint about, or has taken any action to oppose, any of the conduct alleged by EEOC in this case to violate the ADEA, or any of the conduct which is prohibited by this Decree; (ii) has testified during, or assisted or cooperated in any manner with, EEOC's investigation prior to its filing this action or during prosecution of the action itself; (iii) has been identified as a possible witness in this action; or (iv) has sought and/or received any relief or has exercised any other right under this Decree.

## 4.      **Monetary Relief**

A.      Sidley shall pay the sum of twenty-seven million five hundred thousand dollars ($27,500,000) (hereinafter "Settlement Fund"), to be distributed to "Eligible Claimants" (as that term is defined in paragraph 4B, below), in accordance with the provisions of this paragraph.

B.      EEOC, in the exercise of its discretion and without participation from Sidley, has determined how the Settlement Fund shall be distributed to individuals on whose behalf EEOC has sought monetary relief in this action. Those individuals and the amounts each is to receive are identified on Exhibit A to be filed under seal with the Court. Each individual from whom EEOC actually receives an executed Release Form (attached as Exhibit B) within 60 calendar days after the entry of this Decree shall be deemed an "Eligible Claimant." Additionally, in the case of one deceased individual

with no known next of kin, the organization to which that individual bequeathed his estate, identified in Exhibit A, is hereby deemed an "Eligible Claimant."

C.      Sidley shall make payments to Eligible Claimants from the Settlement Fund by issuing and sending (or causing to be issued and sent) to each Eligible Claimant a check in the amount set forth opposite the Eligible Claimant's name on Exhibit A, less deductions (if any) required by law, on or before the tenth business day after Sidley receives from EEOC a Release Form executed by the Eligible Claimant. Such checks shall be sent to Eligible Claimants by Certified Mail or overnight courier service, and Sidley shall submit a copy of each such check to EEOC contemporaneously.

D.      If an individual identified in Exhibit A fails to return an executed Release Form to EEOC within sixty (60) calendar days after entry of this Decree, or if, after good faith and diligent efforts EEOC is unable to obtain an executed Release Form from such individual, EEOC shall notify Sidley in writing that the amount set forth opposite the name of that individual in Exhibit A shall be deemed unclaimed ("Unclaimed Amount"), and that individual shall be precluded from any future recovery in this action. No later than one hundred twenty (120) days after entry of this Decree, EEOC shall advise Sidley of the total of Unclaimed Amounts. Sidley shall thereupon issue and send to EEOC's Regional Attorney, Chicago District, by Certified Mail or overnight courier service, a check payable to the United States Treasury in the amount of the total Unclaimed Amounts.

E.      There shall be no reversion of any part of the Settlement Fund to Sidley.

**5.      Record Retention**

A.      For the term of the Decree, Sidley shall preserve documents and records

(in hard copy and electronic form) in such a manner that the following documents and records remain available relating to any partner who withdraws, whether voluntarily or involuntarily, from the partnership at a time when he is 40 years of age or older: (i) documents and records from the five years preceding withdrawal sufficient to show the partner's hours, billings, realization, and compensation for that period; (ii) documents and records reflecting any formal or informal evaluations by any committee, practice group head, or Executive Committee member of the performance or productivity of the partner; (iii) documents and records relating to any decision by Sidley to request or require the partner's departure or otherwise adversely to affect the partner's status as a Sidley partner; and (iv) documents discussing the reasons for the partner's departure or potential departure.

B.    For the term of the Decree, Sidley shall also maintain all documents (in hard copy and electronic form) relating to any complaint of violation of Paragraph 3 of this Decree.

C.    EEOC shall be provided upon request with any of the documents and records maintained pursuant to this paragraph 5, as well as information about the substance and implementation of Sidley's ongoing training programs.

6.    **Compliance and Dispute Resolution Procedures**

A.    Only EEOC shall have standing to seek relief from the Court for alleged violations of this Decree. Prior to EEOC's seeking relief for conduct that, if proved, would violate paragraph 3 of this Decree, the Parties shall follow the procedures of this paragraph 6.

B.    During the term of this Decree, a Sidley partner may complain of conduct

6

that, if proved, would violate paragraph 3A, 3B, 3C, or 3D of this Decree, and any person may complain of conduct that, if proved, would violate paragraph 3E of this Decree. The Parties hereby designate Abner J. Mikva ("Mikva") to receive and investigate such complaints. Mikva shall deal with any such complaint as follows:

(1)    Mikva shall keep in confidence the fact of the complainant's complaining to him and any information received from the complainant until such time, if any, as the complainant requests Mikva to make the complaint known to Sidley. If the complainant does not so request within an amount of time deemed appropriate by Mikva, Mikva shall make no additional investigation of the matter. If the complainant so requests, the complainant shall state his or her complaint in writing, and that complaint shall be provided to Sidley, with a copy to EEOC on a confidential basis. Mikva shall thereupon conduct such further investigation of the complaint as he deems appropriate. Sidley will provide Mikva with such documents and records as Mikva reasonably requests relating to the complaint and will allow Mikva to interview persons at Sidley with knowledge of relevant facts. Mikva shall treat all documents and information gathered in the course of his duties under this Decree as confidential. After performing this investigation, Mikva shall determine whether there are reasonable grounds to believe that the Decree has been violated. If Mikva determines that there are not such reasonable grounds, he shall so advise the complainant, Sidley, and EEOC, and thereafter EEOC shall take no action to pursue relief for the complainant under this Decree or otherwise.

(2)    If Mikva concludes that there are reasonable grounds to believe that the Decree has been violated, he shall attempt to resolve the matter by agreement between Sidley and complainant. If no such resolution is achieved, Mikva shall submit a

7

confidential report to Sidley, with a copy to EEOC on a confidential basis, summarizing

the results of his investigation and giving his recommendation as to what action, if any,

Sidley and/or the complainant should take to resolve the matter. A copy of the

recommendation contained in that report shall be provided to the complainant. Sidley

thereupon may agree to accept and to implement this recommendation, in which case

EEOC shall take no action to pursue relief as to the matter under this Decree or

otherwise. If Sidley declines to accept and to implement Mikva's recommendation,

EEOC, in its discretion, may apply to the Court for relief it deems appropriate.

C.    Nothing in this paragraph 6 shall be deemed to prevent a person from

presenting his complaint directly to Sidley and seeking to resolve the matter without the

intervention of Mikva. However, no such prior presentation to Sidley shall be required

as a condition of the person consulting with Mikva or having Mikva investigate the

matter.

D.    Sidley shall compensate Mikva for work performed under this Decree at

his regular hourly rate or upon such other terms as may be agreed between them, and

shall reimburse Mikva for expenses reasonably incurred. Those expenses may include

reasonable compensation paid by Mikva to persons retained by Mikva who are necessary

to assist him with his duties under this Decree.

E.    EEOC shall have the power to investigate possible violations of this

Decree other than violations that are alleged by complainants pursuant to paragraph 6B.

Sidley will cooperate with any such investigation. If EEOC after such investigation

concludes that Sidley has failed to comply with any provision of this Decree, it shall

notify Sidley in writing of such alleged noncompliance. The Parties shall inform Mikva

8

of the dispute, who shall attempt to assist the Parties in resolving it. If the Parties have not resolved the dispute by agreement within 30 business days, EEOC may apply to the Court for appropriate relief. In the event that, upon the expiration date of this Decree, a dispute is pending pursuant to this paragraph 6, then the term of this Decree shall be extended, with respect to the issue in dispute only, until such time as such dispute is resolved by the Parties or the Court.

F.    No later than October 1, 2008, and again no later than December 1, 2009, Mikva shall submit a report to EEOC, with a copy to Sidley, regarding his activities for the period of the Decree, including a summary, without naming the complainants, of all complaints submitted under the Decree and the resolution of those complaints.

G.    In the event that Mikva becomes unable to serve during the term of the Decree, EEOC shall propose a replacement to Sidley. If the Parties agree on a replacement, they shall jointly identify the replacement to the Court. If the Parties are unable to agree on a replacement, the Court shall designate a replacement, giving due consideration to the recommendations of the Parties.

7.    **Distribution of Decree**

A.    Within two (2) weeks after entry of this Decree, Sidley shall provide a copy of the Decree, without Exhibits, to each partner. With respect to any individual who becomes a partner during the term of this Decree, Sidley shall provide a copy of the Decree, without Exhibits, within two (2) weeks of that individual becoming a Partner.

B.    Within two (2) weeks after entry of this Decree, Sidley shall post, in each of its offices, the notice attached as Exhibit C.

8.    **Construction Of Decree**

A.    Nothing in this Decree shall be construed as preventing Sidley from

9

requesting or requiring the departure, change of partnership status, or reduction in compensation of one or more partners, or discussing retirement with, offering retirement to, or negotiating the terms of retirement with, one or more partners, because of a partner's inadequate or lessened performance, productivity, or contribution to the firm, the need or desirability of a reduction in force, or any other legitimate business reason, so long as none of the above actions is taken with intent to discriminate on the basis of age.

B.      Nothing in this Decree shall be construed as preventing Sidley from setting expectations for partner performance and contributions that increase with the partner's length of service with the firm, so long as no such expectations are set or acted upon with intent to discriminate on the basis of age.

9.      **Effective Date And Term of Consent Decree**

The Effective Date of this Decree shall be the date the Court approves and enters it. The term of this Decree shall be from the Effective Date through and including December 31, 2009. During that time, this Court shall retain jurisdiction over this matter and the Parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes.

10.     **Protective Orders**

The Parties shall continue to be bound by the Protective Orders, as heretofore or hereafter amended, entered in this litigation, and the obligations of those Protective Orders shall survive the expiration of this Decree. The two reports submitted by Mikva pursuant to paragraph 6F of this Decree shall not be subject to those Protective Orders. Upon expiration of this Decree, the Parties shall return to each other or (upon request)

destroy all copies of Confidential Documents produced by the other party, except as required by applicable law and regulation.

**11.     Costs and Attorney's Fees**

Neither party shall seek reimbursement from the other party for any litigation costs or attorney's fees incurred in this litigation or during the administration of this Decree.

**12.     Notices**

Except as is otherwise provided for in this Decree, all notifications, reports and communications to the Parties required under this Decree shall be made in writing and shall be sufficient if hand-delivered or sent in a confidential manner by overnight courier service to the following persons only:

| For EEOC: | For Sidley: |
|---|---|
| John C. Hendrickson, Esq. | William F. Conlon, Esq. |
| Regional Attorney | Sidley Austin LLP |
| EEOC | One South Dearborn Street |
| 500 W. Madison St., Suite 2800 | Chicago, IL  60603 |
| Chicago, Illinois 60661 | |

Either party may change such address by written notice to the other party, setting forth a new address for this purpose.  Notwithstanding the provisions for notification contained in this paragraph, the Parties may send each other such notifications, reports and communications in a confidential manner by facsimile or e-mail transmission.

**13.     Successors and Assigns**

The terms of this Decree are and shall be binding on the present and future Partners, agents, successors and assigns of Sidley.

**14.     Severance**

If any provision(s) of the Decree are found to be unlawful, only such provision(s)

shall be severed, and the remainder of the Decree shall remain in full force and effect.

### 15.    Choice of Law.

Any dispute arising under this Decree is to be resolved under federal law, and any action to seek judicial enforcement of this Decree shall be sought in the Northern District of Illinois.

### 16.    Entireties And Amendments

This Decree constitutes the complete agreement between EEOC and Sidley with respect to the matters referred to herein.  No waiver, modification or amendment of any provision of this Decree shall be effective unless made in writing, approved by the Parties and approved or ordered by the Court.

Agreed to in form and content:

**FOR THE PLAINTIFF,**
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

By:     RONALD S. COOPER
         General Counsel

         JAMES LEE
         Deputy General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 "L" Street
Washington, D.C. 20507

By:     John C. Hendrickson
         Regional Attorney

By:     Gregory M. Gochanour
         Supervisory Trial Attorney

By:     Deborah L. Hamilton
         Trial Attorney

By:     Laurie S. Elkin
         Trial Attorney

By:     Justin Mulaire
         Trial Attorney

Dated:  October 4, 2007

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 353-8551

**FOR THE DEFENDANT,**
**SIDLEY AUSTIN LLP:**

By:     Thomas A. Cole
         Chair, Executive Committee

Dated: October 4, 2007

By:     Charles W. Douglas
         Chair, Management Committee

Dated: October 4, 2007

**SO ORDERED, ADJUDGED AND DECREED this** 4th **day of** October,**2007.**

UNITED STATES DISTRICT JUDGE

13

## EXHIBIT B

## RELEASE AGREEMENT

In consideration for $_____ paid to me by Sidley Austin LLP, in connection with the resolution of *EEOC v. Sidley Austin LLP*, Case No. 05 cv 0208 in the United States District Court for the Northern District of Illinois, I waive my right to recover for any claims of age discrimination that I had against Sidley Austin LLP and any predecessor or affiliated entities prior to the date of this release and that were included in the claims alleged in EEOC's complaint in that lawsuit.

_____

Date: _____

## EXHIBIT C

## NOTICE

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Sidley Austin LLP*, Case No. 05 CV 0208, resolving a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC") against Sidley Austin LLP ("Sidley"). In its suit, EEOC alleged that Sidley violated the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), by implementing and maintaining an age-based retirement policy and by expelling from its partnership, on account of their age, certain partners age 40 and older. Sidley filed an Answer denying the EEOC's allegations. The parties have settled this case by entering into a Consent Decree. The Decree does not represent a finding on the merits or an admission of EEOC's allegations. The Decree will remain in effect until December 31, 2009.

Sidley is required by the Decree to distribute a copy of the Decree to each partner, including persons who become partners after entry of the Decree. In addition to providing monetary relief to certain individuals on whose behalf EEOC sought relief, the Decree requires Sidley to refrain from taking certain specified actions as to any partner.

The Decree also contains a provision requiring Sidley to refrain from taking any retaliatory actions. This provision is applicable to any person, not just Sidley partners.

The Decree provides a detailed dispute resolution procedure for considering and resolving complaints of violation of the Decree. If you believe that the Decree has been violated, you may obtain details of the dispute resolution procedure and information on how to file a complaint by contacting William F. Conlon, Esq. at Sidley, whose telephone number is 312-853-7384, or by contacting Abner J. Mikva (whom the parties have designated to perform certain duties under the dispute resolution procedure), whose telephone number is 312-655-0555.

15